IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED MAR 28 '02 AM 11:04 USDCALS

LORIE ANN WALLEY, et al.,           )
                                    )
    Plaintiffs,                     )
                                    )
vs.                                 )   CIVIL ACTION NO. 02-0149-CG-L
                                    )
TRI-STATE CREMATORY, INC., et al.,  )
                                    )
    Defendants.                     )

## ORDER

This cause is before the court on review of the "answer of defendants Walter L. Crox, Barbara Crox and Covenant Funeral Services." (Doc. 3.) The answer was filed by, and signed by, Walter Crox and Barbara Crox, pro se. To the extent that filing constitutes the answers of Walter Crox and Barbara Crox, the answer is accepted.

However, the individual pro se defendants purport to file the answer also on behalf of the defendant Covenant Funeral Services of Chattanooga, L.L.C., an Indiana corporation with principal place of business in Chattanooga, Tennessee. As a corporation, Covenant Funeral Services does not have the option of appearing pro se--that is, without legal counsel.

The rule requiring representation by counsel for a corporation is nearly as old as this country's judiciary:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); see Turner v. American Bar Assn., 407 F.Supp. 451, 476 (N.D. Tex. 1975)(citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F.2d 715 (Table)(7th Cir. 1976), and aff'd sub nom. Pilla v. American Bar Ass'n. 542 F.2d 56 (8th Cir. 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities.

Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Accord, Federal Trade Commission v. GEM Merchandising Corp., 1995 WL 623168 at *1 (11th Cir. Sept. 1, 1995) ("It is well settled that a corporation is an artificial entity which cannot appear pro se in legal proceedings but must be represented by counsel. See Palazzo v. Gulf Oil Corp., . . . 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 10528 (1986). This rule applies even when the person seeking to represent the corporation is its president and major stockholder.")

Accordingly, defendant Covenant Funeral Service of Chattanooga is **ORDERED** to obtain counsel to defend it in this cause. Counsel for Covenant Funeral Service shall file a notice of appearance **no later than April 12, 2002.** Covenant Funeral Services of Chattanooga is **FURTHER ORDERED** to file an answer to plaintiff's complaint **no later than April 19, 2002.** To the extent that the answer filed by the Croxes is filed on behalf of Covenant Funeral Service of Chattanooga L.L.C., the answer (Doc. 3) is **STRICKEN.** Finally, Covenant Funeral Service is admonished that failure to comply with this order may result in entry of default against it pursuant to FED.R.CIV.P. 55(a) for failure to defend.

## MOTION TO DISMISS

The Croxes' answer also contains a motion to dismiss, based on the Croxes' factual denials, an alleged lack of personal jurisdiction, and an allegation that plaintiffs lack standing. (Doc. 3, at 16-17.) For the reasons stated above, the motion to dismiss is treated as only filed by the individual defendants. In filing their motion to dismiss, the Croxes have failed to comply with Local Rule 7.1, which mandates that motions to dismiss and motions for summary judgment

2

must be supported by a brief. Rule 7.1 further states that "[f]ailure to file a brief may result in the denial of the motion". S.D.Ala. L.R.7.1 (June 1997). If the Croxes wish to cure the defect in their motion to dismiss, they may file a brief in support citing relevant legal authority **no later than April 12, 2002.** If no brief is filed by that date, the motion is **DENIED** pursuant to Local Rule 7.1 without further action of this court.

**DONE and ORDERED** this 28th day of March, 2002.

CALLIE V. S. GRANADE
UNITED STATES DISTRICT JUDGE